UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDS OF CEDAR MESA,**<br>P.O. Box 338<br>300 E. Main Street<br>Bluff, UT 84512<br>        *Plaintiff*,<br><br>v.<br><br>**U.S. DEPT. OF THE INTERIOR,** a<br>department of the United States,<br>1849 C. Street, N.W.,<br>Washington, DC 20240, and<br><br>**BUREAU OF LAND MANAGEMENT,**<br>an agency of the United States,<br>1849 C. Street, N.W.<br>Washington, DC 20240,<br><br>        *Defendants.* | CIVIL ACTION NO. _____<br><br><br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

## INTRODUCTION

1. Plaintiff Friends of Cedar Mesa brings this action against the Defendants the Department of the Interior ("Interior" or "Department") and the Bureau of Land Management ("BLM") (collectively, "Federal Defendants") under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the production of agency records relating to Federal Defendants' decision to permit oil and gas leasing of federal public lands in the vicinity of Bears Ears National Monument in southeastern Utah. Disclosure of these records is needed to provide a better understanding of the archaeological, cultural, and ecological resources at risk from Federal Defendants' decision to lease these public lands.

COMPLAINT — 1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), because portions of all of the responsive records are located in this district, and because the U.S. District Court for the District of Columbia is the universal venue for FOIA lawsuits.

4. Because Federal Defendants have failed to comply with the applicable time limits of FOIA, Friends of Cedar Mesa is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Federal Defendants from continuing to withhold agency records and ordering the production of records improperly withheld.

## PARTIES

5. PLAINTIFF FRIENDS OF CEDAR MESA is a non-profit organization exempted from taxation under 26 U.S.C. § 501(c)(3), incorporated under the laws of the State of Utah, and headquartered in Bluff, Utah. Friends of Cedar Mesa was founded in 2010 by a former BLM employee to foster stewardship and advocacy for public lands within San Juan County, Utah, including the Cedar Mesa area, with a focus on protecting cultural and natural resources.

6. The organization's mission is to ensure that the federal public lands in San Juan County, Utah, with all their cultural, natural, and recreational value, receive appropriate protection and respect. Friends of Cedar Mesa works to achieve its mission in four core areas: policy and advocacy; education and interpretation; stewardship and monitoring; and cultural resource research. Friends of Cedar Mesa also works to create local, regional, and national

support for greater protection of Cedar Mesa through education, advocacy for national designations, support for smart local policy-making, and organization of research and volunteer service activities.

7. Friends of Cedar Mesa is adversely affected by Federal Defendants' unlawful withholding of the requested public records by causing a substantial delay in the receipt of responsive documents, and by forcing Friends of Cedar Mesa to prosecute this suit. Federal Defendants' failures to adhere to the requirements of FOIA have denied Friends of Cedar Mesa the public information to which it is entitled, and without this information, Friends of Cedar Mesa cannot provide its membership, the general public, or the media with information that is the subject of the information request, a key goal of the organization.

8. Friends of Cedar Mesa's injuries are directly tied to Federal Defendants failure to adhere to the requirements of FOIA, and a court order requiring BLM to undertake the required search and disclose all non-exempt responsive records would remedy these injuries.

9. DEFENDANT U.S. DEPARTMENT OF THE INTERIOR is an agency of the executive branch of the United States of America under 5 U.S.C. § 551(1), § 552(f)(1). Interior is headquartered at 1849 C St. NW, Washington, DC 20240. Interior and its component agencies have possession, custody, and control of the documents that Plaintiffs seek in response to their FOIA request.

10. DEFENDANT BUREAU OF LAND MANAGEMENT is a bureau, agency or instrumentality within the Department of the Interior; and is the federal agency charged by law with responding to FOIA requests submitted to it.

## STATUTORY BACKGROUND

11. FOIA was enacted to ensure government transparency and the prompt disclosure

Case 1:18-cv-02465   Document 1   Filed 10/25/18   Page 4 of 9

of government records. "Each agency, upon any request for records . . . shall make the records promptly available to any person." *Id.*, § 552(a)(3). Unless the requested documents fall within nine narrow exceptions, each agency must disclose all relevant documents.

12. FOIA adopts strict timeframes for disclose, noting that "upon any request for records made under [FOIA], an agency has 20 business days to determine whether to comply." *Id.*, § 552(a)(6)(A). The agency is required to indicate "the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*").

13. An agency may extend this 20-day period a maximum of 10 additional days in "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii); 43 C.F.R. § 2.16(a).

14. Administrative remedies are deemed exhausted when an agency fails to comply with applicable time limits. *Id*. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 277.

## STATEMENT OF FACTS

15. On June 25, 2018, Friends of Cedar Mesa submitted a FOIA request to the Department of Interior Headquarters and the Washington D.C. office of the BLM seeking public records relating the BLM's March 2018 Competitive Oil and Gas Lease in the Canyon Country District in Utah. Friends of Cedar Mesa sought expedited review of its FOIA request, noting that there was a "compelling need" for the information to allow Friends of Cedar Mesa to disseminate the information to the public at large before the commencement of any ground disturbing activities.

16. On June 26, 2018, the Office of the Secretary, Department of the Interior, denied Friends of Cedar Mesa's request for expedited review, and the Department did not disclose or

otherwise identify the scope of the requested documents in its possession. Instead, Interior noted only that Friends of Cedar Mesa's FOIA request was placed in the so-called "complex track," and that "[y]ou can expect to hear from us promptly regarding the outcome of this search."

17. The Washington Office of the BLM also responded on June 26, 2018, and, like the Department, BLM did not identify or otherwise disclose any responsive documents. BLM noted only that it too had placed the FOIA request in a so-called "Complex track," meaning that BLM will process the request in twenty-one to sixty workdays.

18. On July 31, 2018, Friends of Cedar Mesa requested from the Department and BLM information on the timing of their respective FOIA determination and full processing of the FOIA request at issue here. The Department responded on August 1, 2018, noting "[a]t this time we are waiting on the program offices to send us all potentially responsive records for your request as we do not retain records in the [Office of the Secretary] FOIA office. Once we have those records, we can begin processing them. While we cannot provide you a timeline at this point, please be assured we are working to complete your request as promptly as we can."

19. BLM never responded to Friends of Cedar Mesa's July 31, 2018 communication.

20. On August 10, 2018, Friends of Cedar Mesa again reached out to the Department and BLM seeking information on the timing of their respective FOIA response. On August 21, 2018, the Department responded with an identical response as its earlier August 1, 2018 response; BLM again failed to respond.

21. On August 23, 2018, Friends of Cedar Mesa again reached out to BLM seeking information on the timing of BLM's FOIA response. BLM failed to respond to this inquiry.

22. On September 13, 2018, Friends of Cedar Mesa again reached out to the BLM and the Department seeking information on the timing of their respective FOIA response. On

September 14, 2018, the Department responded with an identical response as its earlier August 1, 2018 and August 21, 2018 responses. BLM never responded to this inquiry.

23. On October 8, 2018, Friends of Cedar Mesa again reached out to the Department and BLM seeking information on the timing of their respective FOIA response. On October 9, 2018, the Office of the Secretary responded, noting only, "Your request is the complex track and there are currently more than 1000 open requests ahead of yours in the complex track."

24. Friends of Cedar Mesa has received no response from BLM.

25. To date, Friends of Cedar Mesa has received no responsive documents in response to its June 25, 2018 FOIA request, and the Department and BLM have yet to identify the scope of the responsive documents in its possession or control, the scope of the documents they will produce, or the scope of documents they will withhold.

### FIRST CLAIM FOR RELIEF:
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Documents

22. Friends of Cedar Mesa realleges and incorporates by reference all preceding paragraphs.

23. Friends of Cedar Mesa properly requested records within Federal Defendants' possession, custody and control, and has a statutory right to access the requested documents in a timely manner.

24. Federal Defendants are agencies subject to FOIA, and must therefore make reasonable efforts to search for requested documents.

25. Federal Defendants have failed to promptly review agency records for the purpose of locating and disclosing responsive documents.

26. Federal Defendants' failure to conduct a reasonable search for records responsive to Friends of Cedar Mesa's FOIA request violates FOIA.

27. Federal Defendants' violations of FOIA have deprived Friends of Cedar Mesa of its right to receive copies of public documents in the possession of BLM, thereby injuring Friends of Cedar Mesa's interests in the ways described in Paragraph 7.of this Complaint.

28. Friends of Cedar Mesa is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's respective FOIA request.

### SECOND CLAIM FOR RELIEF:
### Violation of FOIA, 5 U.S.C. § 552
### Improper Withholding of Non-Exempt Responsive Records

29. Friends of Cedar Mesa repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

30. Friends of Cedar Mesa properly requested records within Federal Defendants' possession, custody, and control.

31. Federal Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32. Federal Defendants are wrongfully withholding non-exempt agency records requested by Friends of Cedar Mesa by failing to produce non-exempt records responsive to its FOIA request.

33. Federal Defendants' failure to provide all non-exempt responsive records violates FOIA.

34.     Federal Defendants' violations of FOIA have deprived Friends of Cedar Mesa of its right to receive copies of public documents in the possession of BLM, thereby injuring Friends of Cedar Mesa's interests in the ways described in Paragraph 7.of this Complaint.

35.     Friends of Cedar Mesa is therefore entitled to declaratory and injunctive relief requiring Federal Defendants to promptly produce all non-exempt records responsive to Friends of Cedar Mesa's FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff Friends of Cedar Mesa respectfully requests that the Court grant the following relief:

A.     Order Federal Defendants Department of the Interior and Bureau of Land Management to conduct searches reasonably calculated to locate all records responsive to Friends of Cedar Mesa's FOIA request within 14 days of entry of judgment;

B.     Order Department of the Interior and Bureau of Land Management to produce, within 28 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Friends of Cedar Mesa's FOIA request;

C.     Enjoin Federal Defendants from continuing to withhold any and all non-exempt records responsive to Friends of Cedar Mesa's FOIA request;

D.     Award Friends of Cedar Mesa its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

E.     Provide such other relief as the Court deems just and proper.

Dated: October 25, 2018                              Respectfully submitted,

*/s/ William S. Eubanks II*
William S. Eubanks II
D.C. Bar Number 987036
Meyer Glitzenstein & Eubanks LLP
2601 S. Lemay Avenue, Unit 7-240
Fort Collins, CO 80525
(970) 703-6060 / (202) 588-5049 (F)
beubanks@meyerglitz.com

*/s/ Todd C. Tucci*
Todd C. Tucci
Sarah Stellberg
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83702
(208) 724-2142
ttucci@advocateswest.org
sstellberg@advocateswest.org

Attorneys for Plaintiff

COMPLAINT — 9